# EXHIBIT B
# COMPLAINT TO JJSC PROPERTIES, LLC

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

| | |
|---|---|
| AARON DALTON, *Plaintiff*, v. JJSC PROPERTIES, LLC, *Defendant.* | Case No. _____ Case Type: <u>14 (Other Civil)</u> **COMPLAINT** **Injunctive Relief Sought** |

Plaintiff Aaron Dalton, by and through the undersigned counsel, brings this action against Defendant JJSC Properties, LLC, a Minnesota limited liability company, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this civil rights action against Defendant for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendant owns the gas station known as "Grand Wheeler Sinclair", which to the extent was constructed and first occupied after January 26, 1993 or was altered after January 26, 1993 was required to be designed and constructed to be readily accessible to persons with disabilities. To the extent "Grand Wheeler Sinclair" was not constructed or altered before January 26, 1993, it was required to remove barriers to access to the extent barrier removal was readily achievable. "Grand Wheeler Sinclair" contains architectural barriers to accessibility.

- 1 -

2. The violations alleged in this complaint occurred at "Grand Wheeler Sinclair", located at 1345 Grand Ave, St Paul, MN 55105.

3. Defendant's failure to provide equal access to "Grand Wheeler Sinclair" violates the mandates of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4. Defendant's conduct constitutes an ongoing and continuous violation of the law.

5. Accordingly, Plaintiff seeks a declaration that Defendant's facilities violate federal law and an injunction requiring Defendant to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendant continues to comply with the relevant requirements of the ADA.

## JURISDICTION AND VENUE

6. This is an action for declaratory and injunctive relief, pursuant to Title III of the ADA. This Court has concurrent jurisdiction over the federal cause of action.

7. Venue in this judicial district is proper because Defendant is located and transacts business within this judicial district and has sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8. Plaintiff Aaron Dalton is a resident of the city of Burnsville, Minnesota. Plaintiff suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is therefore a member of a protected

- 2 -



class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq.

9. Mr. Dalton suffers from Cerebral Palsy, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2). Plaintiff is substantially limited in major life activities, including standing and walking. Plaintiff is therefore a member of a protected class under the ADA, under the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq. As a person with a disability, Plaintiff has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

10. Defendant JJSC Properties, LLC, a Minnesota limited liability company, is the owner of the real property and improvements which are the subject of this action, the multi-tenant commercial building known as "Grand Wheeler Sinclair", a place of public accommodation within the meaning of the ADA, located at the street address of 1345 Grand Ave, St Paul, MN 55105.

**FACTUAL BACKGROUND**

11. On January 16, 2019, Plaintiff Dalton attempted to visit the gas station "Grand Wheeler Sinclair" in St. Paul, Minnesota.

12. On Plaintiff's visit the "Grand Wheeler Sinclair" customer parking lot had 0 parking spaces reserved as accessible parking spaces.

13. The parking lot contained 0 van accessible parking spaces.

14. Photographs in Exhibit A to this Complaint depict the "Grand Wheeler Sinclair" customer parking lot it as they appeared on Plaintiff's January 16, 2019 visit.

15. Plaintiff lives in Burnsville, Minnesota and frequently travels throughout the greater Twin Cities area.

16. In light of the architectural barriers at "Grand Wheeler Sinclair", Plaintiff Dalton is deterred from visiting "Grand Wheeler Sinclair" in the future. Plaintiff Dalton would like to be able to patronize "Grand Wheeler Sinclair", but these architectural barriers deter him from doing so. He plans to return and patronize "Grand Wheeler Sinclair" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

17. Plaintiff Dalton attempted to access Defendant's premises but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendant's premises. As a result of Defendant's non-compliance with the ADA, Plaintiff Dalton cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

## FACTUAL ALLEGATIONS

18. Defendant has discriminated against Plaintiff Dalton on the basis of his disabilities by failing to comply with the requirements of the ADA, the ADAAG, with regard to "Grand Wheeler Sinclair". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "Grand Wheeler Sinclair" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a. The "Grand Wheeler Sinclair" customer parking lot had 0 parking spaces reserved as accessible parking spaces that complied with ADAAG 502, in violation of ADAAG 208.2. Plaintiff requires accessible parking spaces which comply with all elements of 502 (including location, width, length, signage, slope, and presence of an access aisle) to ensure he can park safely,

make a safe transfer between his vehicle and the parking lot, and travel safely between the parking lot to the building entrance.

b. 0 parking spaces in the "Grand Wheeler Sinclair" customer parking lot were reserved as van parking spaces, in violation of ADAAG 208.2.4. Plaintiff occasionally travels by wheelchair van and in these cases requires the extra space to make a safe transfer to the parking lot.

19. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff or which exist at "Grand Wheeler Sinclair". To qualify as an accessible parking facility and for a parking space to qualify an accessible parking space, the space must be located on an accessible route, the route must be the shortest accessible route, the space must be marked by appropriate signage, the space must be flanked by an access aisle, and the space and access aisle must comply with sloping requirements. ADAAG 206; 208; 216, Chapter 4 including but not limited to 402, 403, 404, 405, and 406; and 502 – including, but not limited to, 502.4 which governs the floor or ground surfaces of both parking spaces and access aisles

20. In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Grand Wheeler Sinclair" in order to photograph and measure all such barriers to access and violations of the ADA, ADAAG.

21. Compliance with the ADA standards, and the ADAAG is required by 42 U.S.C §§ 12182 and 12183 to the extent the facility was designed and constructed, or altered, after January 26, 1993, and the violations to the ADAAG requirements are not a result of compliance being structurally impracticable. 28 C.F.R § 36.401(a)(1).

22. In the alternative, to the extent any architectural elements were constructed prior to that date, compliance with the ADA standards, the ADAAG, is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable.

Compliance with the ADA standards, the ADAAG, is readily achievable by Defendant due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, creating accessible parking spaces 28 C.F.R. § 36.304(b).

23. As a person with a disability, Plaintiff has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

24. Without injunctive relief, Defendant's failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "Grand Wheeler Sinclair" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

## FIRST CAUSE OF ACTION
### Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

25. Plaintiff incorporates and realleges the above paragraphs.

26. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

27. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

28. Defendant has discriminated against Plaintiff and others in that it failed to make its place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Dalton has been denied full and equal access to "Grand Wheeler Sinclair" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

29. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. Defendant's violations of the ADA and ADAAG are ongoing.

30. Defendant has failed to remove architectural barriers to full and equal access by Plaintiff, even though removing the barriers was required and is readily achievable.

31. Defendant has discriminated against Plaintiff by failing to maintain the accessibility of its premises and by failing to institute policies and procedures to ensure the maintenance of accessible features at its premises.

32. Plaintiff plans to visit "Grand Wheeler Sinclair" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "Grand Wheeler Sinclair" unless and until Defendant is required to remove the physical barriers to access and ADA violations that exist at Defendant's place of public accommodation, including those set forth specifically herein.

33. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendant to make "Grand Wheeler Sinclair" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Grand Wheeler Sinclair" until such time as Defendant cures the access barriers.



34. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendant, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

a. That the Court issue a Declaratory Judgment that determines that Defendant's facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

b. That the Court award nominal damages.

c. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a), enjoining Defendant from continuing its discriminatory practices; including an order directing Defendant to remove all barriers to the maximum extent feasible or in the alternative make all readily achievable alterations to its facilities so as to remove physical barriers to access and make its facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring Defendant to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

d. That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505 or as otherwise provided by law; and



e. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

DATED: February 6, 2019

/s/ Padraigin L. Browne
Padraigin L. Browne (MN Bar # 389962)
Browne Law LLC
8530 Eagle Point Blvd, Suite 100
Lake Elmo, MN 55042
E-mail: paddy@brownelawllc.com
Phone: (612) 293-4805



## ACKNOWLEDGMENT

Pursuant to Minn. Stat. § 549.211, the undersigned hereby acknowledges that monetary and other sanctions may be imposed for presenting a position to the Court that is unwarranted or for an improper purpose, as more fully defined in that statute.

Date: February 6, 2019

By: _____

Padraigin L. Browne (MN Bar #389962)